UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET LISTER, as personal
representative of the Estate of CLINT
JOSHUA GREY, deceased; and
KIMBERLY GREY, individually,

    Plaintiffs,

v.                                                CASE NO: 8:04-cv-2663-T-26TGW

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.
_____/

## O R D E R

Before the Court are two motions for summary judgment: (1) Defendant Prison Health Services, Inc.'s Motion for Summary Judgment, Statement of Undisputed Facts, and numerous exhibits (Dkts. 165-170), and Plaintiff's Memorandum in Opposition, Statement of Disputed Facts, and exhibits (Dkts. 185-187); (2) Defendant Sheriff's Motion for Summary Judgment, Statement of Undisputed Facts, and numerous exhibits (Dkts. 172-177), Plaintiff's Memorandum in Opposition, Statement of Disputed Facts and exhibits.  (Dkt. 184 & 186-187).  After careful consideration of the submissions of the parties and the entire file, the Court concludes that summary judgment should be entered

on Plaintiff Kimberly Grey's individual § 1983 claims but denied on the estate's § 1983 claims.

Defendants Prison Health Services, Inc. (PHS) and the Sheriff of Hillsborough County, Florida, are the only two remaining Defendants in this action. Each has filed a separate motion for summary judgment. Plaintiffs Kimberly Grey and the estate of Clint Joshua Grey have conceded that Kimberly Grey failed to exhaust her administrative remedies before filing this action in contravention of 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA).[1] Consequently, Kimberly Grey's individual § 1983 claims must be dismissed and such dismissal must be without prejudice. Cf. Harris v. Garner, 216 F.3d 970, 980 (11th Cir. 2000) (construing another section under the PLRA, § 1997e(e), and concluding that dismissal without prejudice was necessary to permit prisoner to refile upon release).

Addressing the motions for summary judgment as to the estate's § 1983 claims, the Court finds that genuine issues of material fact exist, thereby prohibiting entry of summary judgment. Among the myriad of disputed material facts, perhaps the most glaring one is whether the infant, Clint Joshua Grey, was alive when he was born. Florida law does not permit a cause of action for the wrongful death of a stillborn child, and no survival action can maintain for a stillborn child.

---

[1] A prisoner is required to exhaust all administrative remedies before bringing an action under § 1983.

Additionally, the Sheriff contends that there is no policy, practice or custom of his office that violated constitutional rights. Yet, the facts, viewed in the light most favorable to the non-moving parties, reveal that the Sheriff's office did not contract to provide health care for any newborns, while knowing that a fairly large number of inmates are pregnant at any given time. The record also contains disputed material facts regarding the practice and custom of training detention staff.

PHS contends that no disputed issues of fact exist concerning the training, staffing, and practices such as documentation and scheduling. The record is replete, however, with factual disputes involving these issues. The facts surrounding the emergency transport, or lack thereof, are vastly divergent. There are also many versions of factual scenarios establishing causation. Based on this record and taking the facts in the light most favorable to Plaintiffs as the non-moving parties, the Court finds disputed issues of material fact too numerous to list.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Prison Health Services, Inc.'s Motion for Summary Judgment (Dkt. 165) is granted in part and denied in part.

(2) Defendant Sheriff's Motion for Summary Judgment (Dkt. 172) is granted in part and denied in part.

(3) The § 1983 claims brought by Plaintiff Kimberly Grey in her individual capacity are hereby **DISMISSED** without prejudice.

(4) The remaining § 1983 claims of the estate shall proceed to trial.

**DONE AND ORDERED** at Tampa, Florida, on June 22, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record