# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARGARET LISTER, as Personal Representative
of the Estate of Clint Joshua Grey, deceased; and
KIMBERLY GREY, individually,

    Plaintiffs,

v.                                                                             CASE NO: 8:04-cv-2663-T-26TGW

PRISON HEALTH SERVICES, INC., et al.,

    Defendants.
_____/

## O R D E R

Before the Court are Defendants' Motions for Judgment on the Pleadings and Plaintiffs' Responses. After careful consideration of the procedural history of this case, together with the well-pleaded allegations of Plaintiffs' original complaint and amended complaint, the Court is of the opinion that the motions are due to be denied.

The Court need not engage in an extensive analysis of why Defendants' motions have no merit.[1] It is sufficient to observe that the newly added state claims premised on medical and simple negligence clearly arose out of the same conduct, transaction, and occurrence that formed the basis of Plaintiffs' original complaint such that Defendants were given fair notice of the claims now being asserted. See Moore v. Baker, 989 F. 2d 1129, 1131 (11th Cir. 1993); Citibank, N.A. v. Data Lease Fin. Corp, 828 F. 2d 686, 697-98 (11th Cir. 1987). Consequently,

---

[1] The Court summarily dismisses Defendant Prison Health Services, Inc.'s contention that Plaintiffs have split their causes of action. The Court has previously rejected their argument that the federal claims are precluded by the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The Court again rejects that argument even in light of the Supreme Court's recent opinion in Woodford v. Ngo, 126 S. Ct. 2378 (2006).

because the amended complaint relates back under Rule 15(c)(2), Federal Rules of Civil Procedure, to the original complaint filed December 9, 2004, and because the incident in question is alleged to have occurred between March 4, 2004, and March 5, 2004, the state law claims are not barred by the one-year statute of limitations imposed by section 95.11(5)(g).

Given this determination, the Court need not address the issue of whether Defendants have waived the defenses of the statute of limitations. The Court will observe, however, that if Plaintiffs' counsel's recitation of the procedural history relating to the state law claims is correct,[2] it appears that Defendants did indeed waive their right to assert this defense in the state court proceedings based on their failure to plead it in a timely manner. See Thorney v. Clough, 438 So. 2d 985, 986 (Fla. Dist. Ct. App. 1983); Hood v. Hood, 392 So. 2d 924, 926 (Fla. Dist. Ct. App. 1981); accord Day v. Liberty Life Ins. Co., 122 F. 3d 1012, 1014-16 (11th Cir. 1997).

Accordingly, it is ordered and adjudged that Defendants' Motions For Judgment on the Pleadings (Dkts. 250 and 252) are denied.

**DONE AND ORDERED** at Tampa, Florida, on August 18, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] Under Eleventh Circuit precedent, the Court is precluded from accepting counsel's representations as record evidence in making a determination. See United States v. Potes Ramirez, 260 F. 3d 1310, 1314 (11th Cir. 2001).