**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARGARET LISTER, as Personal
Representative of the Estate of Clint Joshua
Grey, deceased; and KIMBERLY GREY,
individually,

      Plaintiffs,

v.                              CASE NO: 8:04-cv-2663-T-26MAP

PRISON HEALTH SERVICES, INC., et al.,

      Defendants.

_____/

## O R D E R

      Before the Court are Defendant Prison Health Services, Inc.'s (PHS') Dispositive

Motion for Summary Judgment and Memorandum of Law, Dispositive Motion to Strike

Claim for Punitive Damages/Memorandum in Support, and Dispositive Daubert Motion

to Preclude Testimony of Plaintiffs' Experts With Supporting Memorandum.  After

careful consideration of the motions, together with the procedural history of this case, the

Court is of the opinion that the motions are due to be denied for several reasons.[1]

      With regard to the motion to preclude testimony, the Court is wholly unable to

conclude based on the snippets of deposition testimony provided that the expert

_____

[1]  Given this conclusion, the Court needs no responses from Plaintiffs.

testimony at issue is now due to be excluded under <u>Daubert v. Merrell Dow Pharms.,</u> <u>Inc.</u>, 509 U.S. 579 (1993), and its progeny.  The Court notes in that regard that it previously denied a similar motion.[2]  PHS' latest submissions do not alter that result. Additionally, the Court will continue to follow the procedure previously outlined in two earlier orders with respect to testing the admissibility of expert testimony under <u>Daubert</u>.[3]

As to the motion for summary judgment, the Court first notes that PHS' counsel has failed to comply with paragraph 6(b) of the Court's summary judgment procedures embodied in the Case Management and Scheduling Order entered April 18, 2005.[4] Second, based on the denial of the motion to exclude Plaintiffs' experts' testimony, PHS' causation argument is undermined.  Third, the Court adopts the reasoning of its previous order denying PHS' earlier motion for summary judgment with regard to the other issues raised in the latest motion.[5]  Finally, PHS' counsel represents, without any evidentiary support, that Plaintiff Kimberly Grey is again incarcerated and thus precluded under the statutory exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), from pursuing her federal claim.  The Court, however, is precluded from relying solely on the representations of counsel in resolving this issue.  <u>Cf.</u> <u>United States</u> <u>v. Potes Ramirez</u>, 260 F. 3d 1310, 1314 (11th Cir. 2001).  The Court will address this

---

[2]  <u>See</u> docket 211.

[3]  <u>See</u> dockets 176 and 211.

[4]  <u>See</u> docket 42.

[5]  <u>See</u> docket 188; <u>see also</u> docket 262.

issue anew with counsel at the upcoming status conference scheduled for Thursday, March 8, 2007, at 9:30 a.m.

As to PHS' motion to strike punitive damages, the motion in reality is a motion for partial summary judgment.  As such, by filing it in conjunction with the motion for summary judgment, PHS' counsel violated paragraph 6(a) of the Court's summary judgment procedures which clearly provides that "[a] party's claims or defenses for which summary judgment is sought **shall** be presented in a **single** motion and incorporated memorandum of law" and that "[m]ultiple motions for summary judgment will not be permitted."[6]  Furthermore, because the motion is construed as a motion for partial summary judgment, PHS' counsel also failed to comply with paragraph 6(b) of the Court's summary judgment procedures.  Finally, setting aside the failures to comply with the Court's summary judgment procedures, the Court is not prepared to rule as a matter of law at this juncture of the proceedings that Plaintiffs are not entitled to recover punitive damages.

In concluding the analysis of PHS' pending motions, this Court is of the view that the events surrounding the tragic incident which forms the core of Plaintiffs' Second Amended Complaint[7] are sufficiently blurred with material factual disputes such that summary judgment is inappropriate.  Moreover, the Court is of the further opinion that

---

[6]  See docket 42.

[7]  See docket 280.

this case presents a factual scenario which supports a reasonable belief that the better course would be to deny summary judgment and proceed to a full trial.  See Lind v. United Parcel Serv., Inc., 254 F. 3d 1281, 1285 (11th Cir. 2001).  Having expressed that opinion, however, Plaintiffs should be well aware that the mere fact the Court has exercised its discretion to deny summary judgment, even assuming the absence of a factual dispute, see id., does not mean PHS will not prevail following a motion for judgment as a matter of law submitted pursuant to Rule 50 of the Federal Rules of Civil Procedure.  See Abel v. Dubberly, 210 F. 3d 1334, 1337 (11th Cir. 2000).

Before closing, the Court deems it appropriate to address one final matter.  The Court entered an endorsed order fixing March 12, 2007, as the date by which the parties are to file motions in limine.[8]  Counsel are directed to review again the Court's order of July 10, 2006, prior to filing such motions.[9]

Accordingly, for the reasons expressed, it is ordered and adjudged that PHS' Motion to Preclude Testimony (Dkt. 299), Motion for Summary Judgment (Dkt. 300), and Motion to Strike Claim for Punitive Damages (Dkt. 301) are denied but without prejudice to being renewed at the appropriate stage of the forthcoming trial of this case.[10]

**DONE AND ORDERED** at Tampa, Florida, on February 23, 2007.

---

[8]  See docket 272.

[9]  See docket 211.

[10]  Counsel are put on notice that this Court will adhere to Florida Rule of Judicial Administration 2.052 in resolving calendar conflicts.  See Krasnow v. Navarro, 909 F. 2d 451 (11th Cir. 1990).

_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record